UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Thomas Salas, *on behalf of himself and all others similarly situated,*<br><br>                              *Plaintiffs*,<br><br>         -against-<br><br>Equinox Holdings Inc.,<br><br>                              *Defendant*. | **RULE 23 CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Thomas Salas ("Plaintiff" or "Salas"), on behalf of himself and all others similarly situated bring this action against Defendant Equinox Holdings Inc. ("Defendant" or "Equinox") as follows:

1. Plaintiff and the proposed class worked as Maintenance Associates for Equinox luxury fitness clubs located throughout the State of New York, performing almost entirely physical labor, and being paid bi-weekly.

2. Plaintiff Salas began his employment at one of Defendant's fitness clubs located at 225 Liberty St, New York, NY 10281 from September 2019 until July 2021 and then again from February 2022 to March 2022 and was paid bi-weekly. Salas and other Manual Workers need to be paid weekly to keep up with day-to-day expenses such as transportation costs and groceries and other expenses, and in order to obtain the full value of their services by receiving wages as due. Salas missed seven rent payments due to Defendant's bi-weekly pay schedule.

## THE PARTIES

3. Thomas Salas is an adult individual who is a resident of New York County, in the State of New York.

4. Defendant is a foreign business corporation organized and existing under the

1

laws of Delaware with principal place of business at 895 Broadway, New York, NY 10003. Defendant Equinox Holdings, Inc. is the entity on Plaintiff's paystubs.

5. Defendant was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiffs and all other similarly situated employees.

6. Defendant has maintained control, oversight, and direction over Plaintiff and all other similar employees, including timekeeping, payroll, and other employment practices that in applied to them.

7. Defendant applies the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to frequency of payment of wages.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiffs and the members of the proposed class are citizens of states different from that of Defendant.

9. This court also has diversity jurisdiction over this action pursuant to 28 U.S.C.A. § 1332(a)(1) and (c)(1). There is complete diversity of citizenship between the opposing parties since the Plaintiffs reside in New York State and are citizens of that state. While Defendant Equinox Holdings Inc. is a citizen of Delaware, pursuant to § 1332(c)(1).

10. There are over 400 members in the proposed class.

11. Defendant is subject to personal jurisdiction in New York as it does business in New York.

12. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## FACTS

**Defendant's Fitness Club Structure and Organization**

13. Defendant had $1.24 in annual revenue in 2021, employs 8,000 people, and has 42 luxury fitness clubs in New York State alone.

14. Defendant is incorporated in the State of Delaware, with a business address in New York state.

15. Each of Defendant's fitness clubs employs approximately 14-15 Maintenance Associates.

16. Defendant provided Plaintiff Salas with pay stubs that all list his job as "Maintenance Associate" and his pay frequency as bi-weekly. In a separate section, Defendant lists Plaintiff Salas's "Pay Group" as "Bi-weekly", his "Division" as "OPS Operations", his "Sub Region" as "NYC - NYC" and his "Department" as "072 - Maintenance."

17. Upon information and belief, these pay stub details (Plaintiff Salas has retained approximately 40 pay stubs) show that Defendant mis-classified all New York Maintenance Associates and other members of the Maintenance Department and similarly situated Manual Workers performing physical tasks as members of the Bi-weekly Pay Group in contravention of NYLL.

**Plaintiff's Role and Performance Working at Equinox**

18. Plaintiff Thomas Salas started working for Defendant Equinox at one of its fitness clubs at 225 Liberty St, New York, NY 10281 from September 2019 until July 2021 as a

Maintenance Associate and then again from February 2022 to March 2022 in the same role.

19. Around June of 2021, Defendant moved Plaintiff from an evening shift to an early morning shift. Plaintiff told Defendant at the time that he may have trouble arriving in the early morning hours, and Defendant responded that the schedule change was temporary. It wasn't. Defendant terminated Plaintiff's employment for lateness.

20. In February of 2022, Defendant reached back to Plaintiff with an offer of employment, and he was rehired.

21. Defendant paid Plaintiff $15 per hour from September 2019 until January 2021 when his pay was raised to $15.60. When Plaintiff resumed his employment in February 2022, he was paid at the lower rate of his original wage of $15 per hour.

22. During his employment, over twenty-five percent of Plaintiff's duties as a Maintenance Associate were physical tasks, including but not limited to (1) cleaning floors; (2) taking out garbage; (3) cleaning bathroom surfaces; and (4) cleaning gym equipment.

**Acute Injuries in Fact Sustained by Plaintiff as a result of Defendant's Conduct**

23. Plaintiff Salas and other similarly situated Manual Workers employed by Defendant suffered actual and acute injuries as a result of Defendant's failure to pay weekly wages. Plaintiff Salas received wages from Defendant which were barely above minimum wage. The timely payment of earned wages near the legal minimum were and are crucial to Salas's ability to pay day to day and monthly expenses, especially due to New York's high cost of living. Defendant's conduct in paying Salas's wages late throughout his employment resulted in him having to pay his rent late seven different times, jeopardizing his housing security and causing unnecessary stress and household conflict.

24. Defendant's late wage payments also deprived Salas and other similarly

situated Manual Workers of the time value of their earned money, negatively impacting their ability to save, invest, and plan for the future. Defendant reaped large monthly membership fees for its luxury fitness clubs as a direct result of its Manual Workers' labor, taking in billions of dollars in revenue, while unlawfully withholding from and paying late its lowest-paid employees who are least able to weather these unjust delays.

## RULE 23 CLASS ACTION ALLEGATIONS

25. The Proposed Class is defined as:

> All Maintenance Associates working in Equinox fitness clubs in the State of New York between the date six years preceding the filing of this complaint and the date a class is certified in this action.

26. The members of the Proposed Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

27. There are more than 400 class members and Plaintiffs' claims are typical of those other members, in that anyone would seek the same discovery, make the same legal arguments, and rely on the same factual record for summary judgment.

28. Plaintiffs and the Proposed Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendant's common policies, practices, and patterns of conduct.

29. Defendant's corporate-wide policies and practices affected everyone who worked in every store in the same way.

30. Plaintiff is able to fairly and adequately protect the interests of the Proposed Class and have no interests antagonistic to it.

31. Plaintiffs are represented by attorneys who are experienced and competent to

bring this action.

32. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

33. Common questions of law and fact exist as to the Proposed Class that predominate over any questions only affecting Plaintiffs and/or each member of the New York Class individually and include, but are not limited to, the following:

   a. What job duties are performed by Maintenance Associates and other Manual Workers; and

   b. Were Maintenance Associates and other Manual Workers paid bi-weekly?

## AS AND FOR A CAUSE OF ACTION

**New York Labor Law – Failure to Pay Timely Wages**
**(Brought on behalf of Plaintiffs and Proposed Class)**

34. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiffs and the Proposed Class.

35. Defendant failed to pay Plaintiffs and Proposed Class on a timely basis as required by NYLL § 191(1)(a), which resulted in an underpayment.

36. Manual Workers, as contemplated by NYLL § 191, are "dependent upon their wages for sustenance." People v. Vetri, 309 N.Y. 401, 405 (1955).

37. All of Equinox's Maintenance Associates are Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

38. As such, the failure to provide wages owed to Plaintiffs and all others similarly situated Manual Workers, according to NYLL § 191, constitutes an "especially acute injury." See Caul v. Petco Animal Supplies, Inc., No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing Vega v. CM & Associates. Contr. Mgmt., LLC, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019)).

39. Defendant's conduct also constitutes an "injury in fact" suffered by Plaintiffs under Article III that is within the federal judicial power because Plaintiffs have "suffered an injury in fact that is concrete, particularized, and actual or imminent." See Caul v. Petco (infra).

40. Due to Defendant's violations of the NYLL, Plaintiffs and the New York Class are entitled to recover from Defendant the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure

B. Designation of Plaintiff Salas as representative of the New York Rule 23 Class and counsel of record as Class Counsel;

C. Liquidated damages permitted by law pursuant to the NYLL;

D. Prejudgment and post-judgment interest;

E. Reasonable attorneys' fees and costs of the action on the basis of being the prevailing party in a NYLL action to recover wage underpayments; and

F.  Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Pursuant to FRCP 38 Plaintiff demands trial by jury on all issues.

Dated: New York, New York
      June 16, 2022

                                      **LAW OFFICE OF MOHAMMED GANGAT**

By: _____
Mohammed Gangat, Esq.
675 Third Avenue
Suite 1810
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiff and*
*Rule 23 Proposed Class*